TENDERED
DATE: 5-15-06
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND**



Eastern District of Kentucky
F I L E D
AUG 2 5 2006
AT COVINGTON
LESLIE G. WHITMER
CLERK U S DISTRICT COURT

**CRIMINAL ACTION NO. 05-10-(3)-DLB**

**UNITED STATES OF AMERICA**           **PLAINTIFF**

**V.**           **PLEA AGREEMENT**

**COOKSEY BROTHERS DISPOSAL COMPANY, INC.**           **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11, Doug Smith, president of the Cooksey Brothers Disposal Company, Inc., the Defendant company, will enter a guilty plea on behalf of the Defendant company to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 371.

2. As to the charges, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant company admits these facts:

> The Cooksey Brothers Disposal Company, Inc., is located in Ashland, Boyd County, Kentucky, in the Eastern District of Kentucky. Mr. Doug Smith is the current owner of the Defendant company, having taken ownership in late 2005 from Keith L. Cooksey.
>
> In 2002, the previous ownership named Daniel K. Rooney president of Cooksey Brothers Disposal Company, Inc. Mr. Rooney ran the day-to-day operations of the Defendant company. Sometime after he became president, Mr. Rooney directed Roger Darrell Daniels to dispose of leachate by pumping it into a creek that ran near the Cooksey Brothers Landfill. The creek ultimately emptied into the Ohio River, a water of the United States. Mr. Rooney directed Mr. Daniels to pump the leachate into the creek even though he knew such conduct

was illegal. Mr. Rooney also communicated to Mr. Daniels leachate was to be discharged into the creek when there was too much leachate to truck and dispose of properly.

On or about January 11, 2005, Mr. Rooney met with two individuals who were employed by Cooksey Brothers in a managerial capacity, Ricky B. Handley and Mr. Daniels. At this meeting, Mr. Rooney discussed a plan to truck leachate from the Cooksey Brothers Landfill to the Cooksey Brothers Tire Center. At the Tire Center the leachate was to be pumped from the tanker truck directly into the City of Ashland's sewer system. Both Ricky B. Handley and Roger Darrell Daniels agreed to participate in the plan.

On the evening of January 13, 2005, Mr. Daniels directed a Cooksey Brothers employee to drive a Cooksey Brothers tanker truck filled with the pollutant leachate from the Cooksey Brothers Landfill to the Cooksey Brothers Tire and Maintenance Facility.

Once at the Cooksey Brothers Tire and Maintenance Facility, the tanker truck parked inside a warehouse, and the doors were closed. As instructed by Mr. Daniels, the tanker truck's hose was attached to a special floor coupling connected to an exposed sewer hook-up. The sewer hook-up in the Cooksey Brothers Tire and Maintenance Facility warehouse lead directly into the City of Ashland sewer system.

After the hose was securely connected, Mr. Daniels turned on the tanker truck's valve, and began discharging leachate from the tanker truck directly into the City of Ashland Sewer system. The Defendant company did not have a permit to discharge leachate into the City of Ashland sewer system in this manner.

During the dates alleged in the Indictment, the disposal of leachate had become too expensive, and the Defendant company did not have enough equipment or resources to dispose of it properly. Because of the "leachate problem," the Defendant company was struggling to stay profitable. The discharge of leachate first into the creek and later into the City of Ashland sewer system was done by its managerial employees as a cost-saving measure on behalf of the Defendant company.

3. The maximum statutory punishment for Count 1 is imprisonment for not more than 5 years, a fine of not more than $500,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $400 applies to Count 1, and the Defendant company will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

4. The Defendant company waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

5. The Defendant company will cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment and all related matters.

6. After pleading guilty, the Defendant company will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. A representative of the Defendant company will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

7. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant company. The United States has not made any other promises to the Defendant company.

8. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

9. Doug Smith, in his capacity as president and on behalf of the Defendant company, and the Defendant company's attorney, acknowledge that Mr. Smith, understands this Agreement, that the Defendant company's attorney has fully explained this Agreement to Mr. Smith, and that Mr. Smith's entry into this Agreement on behalf of the Defendant company is voluntary.

AMUL R. THAPAR
UNITED STATES ATTORNEY

Date: 5/15/06   By: _____
Robert M. Duncan, Jr.
Assistant United States Attorney

Date: 5/15/06   _____
Doug Smith
President, on behalf of Defendant company

Date: 5/15/06   _____
James H. Moore, III.
Attorney for Defendant company

**APPROVED**, this 25th day of August, 2006.

_____
DAVID L. BUNNING
UNITED STATES DISTRICT JUDGE

Page 4 of 4